LUPKIN PLLC
80 Broad Street, Suite 1301
New York, NY 10004
———
Tel: (646) 367-2771
Fax: (646) 219-4870
www.lupkinpllc.com

February 4, 2019

**VIA ECF**

The Honorable Debra Freeman
United States District Court
500 Pearl Street
New York, New York 10007

Re: *HotelsAB Green, LLC v Reignwood Europe Holdings SARL ("Reignwood")*
No. 17-cv-08776 (JGK)(DCF)

Dear Judge Freeman:

We write on behalf of plaintiff/counterclaim defendant HotelsAB Green, LLC and third-party defendant André Balazs (the "Balazs Parties") to seek an order that, frankly, we did not envision having to seek. Specifically, and with regret, we believe it is necessary for the Court to enter an order, requiring Reignwood and its counsel (DLA Piper) to provide prompt disclosure regarding the third-party discovery it is seeking in this case. The precise parameters of the requested order are set forth in the last paragraph of this letter.[1]

The most recent (and troubling) situation precipitating our request pertains to overseas discovery sought by Reignwood. On August 31, 2018, Reignwood applied to this Court for the issuance of letters rogatory to obtain testimony and documents from Songhua Ni and Ying Geng—former employees of Reignwood's parent company who currently reside in the UK. (ECF No. 49). Mr. Ni was Reignwood's principal negotiator in connection with the transaction underlying this litigation, and Ms. Geng—former CFO of Reignwood UK—also

---

[1] Over the past several months, we have made substantial efforts to confer in good faith with DLA Piper regarding their failure to keep us apprised in real time of material developments. Sadly, those efforts have been fruitless.

was involved in the transaction. The court issued letters rogatory on October 18, 2018. (ECF No. 78).

Since the letters rogatory issued, we have asked DLA Piper many times for an update on third party discovery. DLA Piper never indicated that the process of compelling disclosures from Mr. Ni and Ms. Geng had made any progress in the UK. To the contrary, as recently as January 18, 2019, Reignwood's counsel indicated that a further extension of the discovery deadlines in this case might be necessary due to an inability to examine Mr. Ni by the March 31, 2019 deadline. At the time, I assumed that counsel was referring to the fact that the letters rogatory were still working their way through the UK courts. I now know that my assumption was incorrect, and that there were material facts known to DLA Piper that were never shared with this firm.

On Thursday, January 31, 2019, we happened to learn from Taylor Wessing, the UK firm representing Mr. Ni in a separate litigation between Mr. Ni and at least one other Reignwood entity, that the UK court acted on the letters rogatory and issued an order compelling the examination of Mr. Ni and Ms. Geng in this case over a month and a half ago, on **December 14, 2018**. DLA Piper never told us about this order.

On Friday, February 1, 2019, we learned—again, from Taylor Wessig—that the UK order called for the examinations of Mr. Ni and Ms. Geng to take place no later than January 21, 2019, 10 days *before* we even learned of the existence of that order, a copy of which we still do not have.

Apparently, the depositions did not take place within the ordered timeframe because Mr. Ni is ill, and Reignwood has been negotiating the timing of the examinations. Reignwood did not tell us about these developments, nor did it invite our participation or inquire as to our availability.

This morning, we learned that the examiner appointed to oversee the depositions has directed the examination to take place the week of Monday, April 15, 2019—weeks after the close of discovery in this matter. Because of DLA Piper's failure to disclose the December 14, 2018 UK order and subsequent developments to Lupkin PLLC, the Balazs Parties had no input into that scheduling decision.

Had Mr. Ni's counsel in the UK Action not serendipitously mentioned the order to us, we would still be at a profound informational disadvantage. After speaking with us last Thursday, Taylor Wessing notified Reignwood that the Balazs Parties had been unaware of the order and

subsequent developments. Yet, Reignwood still has not provided us with a copy of the order or otherwise communicated with us *in any way* about the Ni/Geng depositions.

Regrettably, we have had communication and transparency issues with DLA Piper since this case began—particularly with respect to third-party discovery. Among other things, DLA Piper served a subpoena without giving us timely notice, failed timely to notify our firm of third-party document productions (and then further delayed in sharing those documents), and generally failed to keep the Balazs Parties informed regarding the status of the subpoenas and other third-party discovery Reignwood has been conducting. Additionally, in connection with our recent motion to compel the Rule 30 depositions of three witnesses as "managing agents" of Reignwood, Reignwood concealed for months the potentially dispositive fact that two of those witnesses were "managers" of Reignwood.

We are unaccustomed to dealing with this level of obfuscation from opposing counsel—particularly from a well-respected law firm of global stature—and are at a loss concerning what else we can do, without judicial intervention, to ensure Reignwood's candor.

Accordingly, we respectfully request that this Court issue an order directing Reignwood and its counsel to promptly (and in no event more than 24 hours after the event): (1) notify this firm of any material developments concerning third-party discovery (including, *e.g.*, the progress of letters rogatory and resulting orders); (2) provide this firm with copies of Reignwood's communications with those third parties regarding discovery (including the December 14, 2018 order and all related correspondence among Reignwood, Taylor Wessing, and officers of the UK court); and (3) any documents or other evidence provided by those third parties.

Respectfully,

*Jonathan D. Lupkin*

Jonathan D. Lupkin


cc:    Matthew Klepper, Esq. (via email)
       Christopher Strongosky, Esq. (via email)

4824-4391-6166, v. 4