# LUPKIN PLLC

80 Broad Street, Suite 1301
New York, NY 10004

Tel: (646) 367-2771
Fax: (646) 219-4870
www.lupkinpllc.com

February 14, 2019

**VIA ECF**

The Honorable Debra Freeman
United States District Court
500 Pearl Street
New York, New York 10007

Re: *HotelsAB Green, LLC v Reignwood Europe Holdings SARL ("Reignwood")*
No. 17-cv-08776 (JGK)(DCF)

Dear Judge Freeman:

We write on behalf of plaintiff/counterclaim defendant HotelsAB Green, LLC and third-party defendant André Balazs (the "Balazs Parties") to request an in-person conference at which Your Honor may consider whether DLA Piper should be sanctioned for concealing material facts from the Balazs Parties and the UK court.

## DLA Piper Deceived the Balazs Parties and the UK Court to Obtain an Order that Varied the Terms of this Court's Letter Request

Last year, Reignwood applied to this Court for letters rogatory seeking discovery from non-parties Songhua Ni and Ying Geng in the UK. On September 17, 2018, DLA asked the Court to grant the motions because they were unopposed, save for ***the Balazs Parties' express reservation of "the right to challenge the actual issuance of process in London and Hong Kong, on any and all bases they deem appropriate."*** ECF No. 59, attached as Exhibit A.

On October 18, 2018, Your Honor granted Reignwood's motion and issued a Request for International Judicial Assistance (the "Letter Request"). ECF No. 78, attached as Exhibit B. The Letter Request's express purpose is "to enable the parties to obtain testimony from Mr. Ni and Ms. Geng…for use at trial and in aid of [this litigation]" and it asks that "each party's counsel be permitted to question and cross-examine" the deponents. Letter Request §§ VII, IX. The Letter Request also calls for notice to be given to the Balazs Parties. *Id.* § XIII.

As explained in our pending application for an order directing DLA Piper to keep us timely apprised of third-party discovery (ECF No. 112), DLA Piper never told us that the UK court issued an order on December 14, 2018 compelling the depositions of Mr. Ni and Ms. Geng (the "UK Order", attached as Exhibit C[1]). Instead, we learned of the UK Order's existence on January 31, 2019, from deponents' counsel, but were unable to obtain a copy of the UK Order until February 11, 2019, when DLA Piper finally sent us a copy. *Id.*

Yesterday, we learned that DLA Piper made an *ex parte* application to the UK court on December 13, 2018 that included a proposed order—the terms of which varied materially from Your Honor's Letter Request. *See* Exhibit D. Among other things, the proposed order provided for service *only* on the deponents—not the Balazs Parties—and provided that *only* English counsel could ask questions. *See* Proposed Order (part of Exhibit D) ¶¶ 5.5, 5.6, 10. Neither of these provisions is required by UK law.

DLA Piper did not give us notice of the application—in fact, they **specifically excluded the Balazs Parties from the service list**. Exhibit D at 2. DLA Piper also did not advise the UK Court that the Balazs Parties had expressly reserved the right to challenge the issuance of such an order.[2] The UK Court rejected those portions of the proposed order that sought production of documents, but otherwise adopted DLA Piper's proposed order nearly *verbatim*.[3]

Although the deponents have indicated they have no objection to being questioned by U.S. counsel or to an equal division of questioning time, DLA Piper has refused to agree to alter these provisions.[4] Accordingly, today we were forced to make an emergency application seeking reconsideration and modification of the UK Order.

---

[1] DLA Piper has designated the UK Order and related communications as "confidential" under the protective order in this case—a designation we believe to be baseless. Accordingly, we have electronically filed "placeholders" for Exhibits C and D until that dispute can be resolved and are providing unredacted paper copies to the Court.

[2] Rule 3.3(d) of the New York Rules of Professional Conduct ("NYRPC") requires a lawyer in an *ex parte* proceeding to inform the tribunal of all material facts.

[3] We do not know yet whether DLA Piper advocated for unequal apportionment of time or the court did it *sua sponte*. In either event, DLA Piper deprived the Balazs Parties of their right to challenge the apportionment of time before entry of the UK Order.

[4] We were unable even to agree on a date for the examination of Ms. Geng. Rather, DLA Piper tried, unsuccessfully, to persuade the Examiner to schedule Ms. Geng's deposition for a date on which we had told DLA Piper we were not available.

**DLA Piper's Repeated Concealment of Third-Party Productions**

We also learned yesterday that AB Green Gansevoort (the seller in the transaction underlying this case) produced over 9,000 pages of documents to DLA Piper last month. We are advised that Gansevoort made its first production on January 18, 2019. That date is significant: last week, DLA Piper represented to this Court it had given us a "detailed update as to the status of each subpoena" on January 18, 2019, in response to our January 17, 2019 request for such an update. ECF No. 116 pp. 2-3. *Yet, DLA Piper did not disclose that production—or the one Gansevoort subsequently made on January 28, 2019—until yesterday.* See Exhibit E.[5]

DLA Piper's repeated concealment of material facts, as described herein and in ECF Nos. 112 and 117, is contrary to, *inter alia*, NYRPC Rules 3.3(f), 3.4(a)(6), and 4.1. It also has caused substantial prejudice to the Balazs Parties and threatens to cause even more. If forced to retain UK counsel to depose Mr. Ni and Ms. Geng, the Balazs Parties will incur substantial and unnecessary additional expense. If given only half as much time as Reignwood to question the witnesses, the Balazs Parties will be at a material disadvantage—particularly since the total questioning time is 3 hours for Ms. Geng and 1.5 hours for Mr. Ni. DLA Piper's repeated withholding of third-party productions negatively impacts the Balazs Parties' ability to prepare for depositions, summary judgment, and trial.

Accordingly, we respectfully request an in-person conference so that the Court can consider whether to issue an order directing DLA Piper to reimburse the Balazs Parties for fees and expenses, if any, incurred as a result of having to engage UK counsel to conduct the examinations of Ms. Geng and Mr. Ni and whether other or further relief is necessary and appropriate to protect the Balazs Parties and deter DLA Piper from further abuses.

Respectfully,

Michael B. Smith

cc: Matthew Klepper, Esq. (via email)
Christopher Strongosky, Esq. (via email)

---

[5] Apparently, DLA Piper intended to provide us with those documents only after it had completed its own review of them. *See id.* ("We have not finished our review of these materials. We are happy to pass the materials along in their entirety if you would like them. Please advise if that is the case.").