

**DLA Piper LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Christopher M. Strongosky
christopher.strongosky@dlapiper.com
T 212.335.4643
F 212.884.8543

March 4, 2019

**Via ECF**

The Honorable Debra Freeman, U.S.M.J.
U.S. District Court, Southern District of New York
500 Pearl Street - Court Room 17A
New York, New York 10007-1312

>   Re:   ***HotelsAB Green, LLC v. Reignwood Europe Holdings SARL***
>         **Case No. 1:17-cv-08776 – JGK – DCF**
>         ***Reignwood's Letter Motion for Leave to Take Additional Depositions***

Dear Judge Freeman:

We represent Defendant, Counterclaimant, and Third-Party Plaintiff Reignwood Europe Holdings SARL ("Reignwood") in the above action. We write pursuant to Local Rule 37.2 and Your Honor's Individual Rules to respectfully request leave to take depositions exceeding the presumptive limit of 10, pursuant to Rules 26(b)(2) and 30(a)(2)(A) of the Federal Rules of Civil Procedure. Reignwood seeks leave to depose up to 18 witnesses.

Pursuant to Your Honor's Individual Rule I.C, we conferred with counsel to Plaintiff-Counterclaim Defendant HotelsAB Green, LLC ("HotelsAB") and Third-Party Defendant Andre Balazs (collectively, the "Balazs Parties"), who refused to stipulate to Reignwood's request, and instead proposed that Reignwood "take a total of twelve (12) depositions in this case, in exchange for Reignwood's stipulation that it would not seek additional depositions." *See* Exhibit A (February 28, 2019 Letter from M. Smith to C. Strongosky). But such a limit is insufficient based upon the evidentiary record developed to date. While Reignwood will strive to limit the total number of depositions, deposing the witnesses identified below, whose relevance is supported by undisputed facts and documents, is necessary to Reignwood's defense and in prosecution of its counter and third-party claims.

Conducting more than ten depositions without stipulation by the opposing party requires leave of the court. Fed. R. Civ. P. 30(a)(2)(A)(i). "The court must grant a request to exceed ten depositions unless the additional depositions would be unreasonably cumulative or duplicative, the requesting party had a prior opportunity in discovery to obtain the information sought, or the burden or expense of additional depositions would outweigh any likely benefit." *In re Weatherford Int'l Sec. Litig.*, No. 11-cv-1646, 2013 WL 5762923, at *2 (S.D.N.Y. Oct. 24, 2013) (citing Fed. R. Civ. P. 26(b)(2)(C)). "[I]f counsel has a good-faith basis for seeking [additional depositions] and has made a *prima facie* showing that they are necessary … counsel's judgment about [the



number of depositions] needed is entitled to a good deal of deference." *San Francisco Health Plan v. McKesson Corp.*, 264 F.R.D. 20, 21 (D. Mass. 2010). Courts routinely expand deposition limits where the concerns underlying Rule 26(b)(2)(C) are not implicated. *See, e.g.*, *In re Weatherford*, 2013 WL 5762923, at *2 (allowing 16 additional depositions); *New York v. Oneida Indian Nation of New York*, No. 95-cv-0554, 2001 WL 1708804, at *2 (N.D.N.Y. Nov. 9, 2001); *McKesson*, 264 F.R.D. at 21 (allowing nine additional depositions). "Large scale" cases involving multiple parties and large amounts of damages sought "support broad discovery." *In re Weatherford*, 2013 WL 5762923, at *3. This is especially so where the parties have "identified numerous witnesses relevant to their defenses and/or directly knowledgeable about the claims in this case." *Id.*

**I.     The Depositions Sought are Not Unreasonably Cumulative or Duplicative**

This case involves a failed plan by the parties to purchase a $390 million hotel property in Manhattan, and HotelsAB has demanded over $270 million in damages. HotelsAB has alleged – at minimum – five separate breaches of its Letter Agreement with Reignwood (the "LOI"), claiming that Reignwood (1) did not do what was required to procure a liquor license for the hotel; (2) did not provide a suitable financial guarantor; (3) did not provide the equity needed to close; (4) did not "cooperate" with HotelsAB's attempt to arbitrate the matter; and (5) delayed the drafting of a joint venture agreement between the parties. Compl. ¶¶ 4-6. Reignwood has asserted a counterclaim for breach of contract, and third-party claims for breach of contract and fraud against Mr. Balazs. Countercl. ¶¶ 9, 21-22. Based on these complex, fact-driven claims, this case requires significant deposition testimony in order to fully and fairly litigate this case.

The Balazs Parties' objection to 18 depositions is arbitrary and does not reflect an honest assessment of the discovery needs in this case. In their own initial disclosures, the Balazs Parties identified 28 individuals and entities with knowledge relevant to these proceedings, including current and former employees and principals, various financial institutions, third-party consultants, investment managers, business partners, and attorneys. *See* Exhibit B (Balazs Parties' Initial Disclosures) at 2-7; Exhibit C (Balazs Parties' Interrogatory Responses) at 4-11.[1]

And a review of the documents produced to date has identified numerous *other* key witnesses not identified in the Balazs Parties' initial disclosures. *See* Section I.F, below. Discovery has also showed that Mr. Balazs frequently insisted on phone calls with his business partners, often being careful to move the conversations with key witnesses "off-line." *See* Section II, below. The witnesses that Reignwood seeks to depose fall into the following categories:

---

[1] Pursuant to Local Rule 5.1, Reignwood limits each attachment to only include the portions that are relevant to this letter motion.



Hon. Debra Freeman
March 4, 2019
Page Three

  A.  **Principals and employees of HotelsAB**

  (1) **Andre Balazs**: Mr. Balazs is the principal and 100% owner of HotelsAB, as well as a named defendant in this action. His testimony is integral to nearly every claim or defense.

  (2) **Zachary Bayman** and (3) **Debra Aflalo**: Mr. Bayman and Ms. Aflalo, HotelsAB employees, were involved in day-to-day management or oversight of key processes of the transaction, such as diligence and liquor license procurement. Mr. Bayman was also involved in discussions regarding joint venture negotiations and Mr. Balazs's non-compete obligations to Standard International Management ("Standard"). Finally, Mr. Bayman and Ms. Aflalo were both involved in discussions with key witnesses that are beyond the subpoena power of this Court.

  (4) **HotelsAB 30(b)(6) witness**: This deposition is necessary to bind plaintiff in its corporate capacity. However, depending on the deposition testimony of the first three witnesses, and the Balazs Parties' willingness to stipulate that such testimony can be considered the corporate testimony of HotelsAB, it may be possible to limit the scope of this deposition.

  B.  **Agents of the parties involved in discrete parts of the transaction**

  (5) **Andrew Wurzburger** and (6) **Paul Weiss 30(b)(6) witness**: Mr. Wurzburger, of the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, was deal counsel for the Balazs Parties. He has specific and potentially unique knowledge regarding negotiations with the seller of the property, negotiations with Reignwood, the drafting of the LOI and joint venture agreement between the parties, the parties' attempted arbitration, and communications with Standard regarding the Balazs Parties' non-compete obligations. As noted with respect to the HotelsAB 30(b)(6) deposition, it may be possible to limit the scope of this deposition by stipulation.

  (7) **Robert Bookman**: Mr. Bookman was liquor counsel to the proposed joint venture between the parties. His testimony is critical to the alleged breach relating to the liquor license. Documents produced to date suggest that Mr. Bookman was withholding information regarding the liquor license process from Reignwood.

  (8) **Eugene Gorab** and (9) **Dan Neidich**: Messrs. Gorab and Neidich were partners in the High Line hotel with Mr. Balazs, and assisted with material strategy decisions with respect to the hotel, including the marketing thereof. Mr. Gorab also provided counsel to Mr. Balazs on the High Line transaction, as well as on Mr. Balazs's dispute with Standard.

  C.  **The hotel's existing debt lenders**

  (10) **Bank of China USA 30(b)(6) witness** and (11) **John Sarn** of Wells Fargo: Bank of China, the debt lender for the High Line, and John Sarn, an employee of Wells Fargo, a mezzanine



lender for the High Line, will be able to testify relating to the guarantor and loan assumption issues raised by HotelsAB in its complaint.

### D. The seller and ultimate purchaser of the property

(12) **AB Green Gansevoort 30(b)(6) witness** and (13) **Gaw Capital Partners 30(b)(6) witness**: As the seller and ultimate purchaser of the hotel, AB Green Gansevoort and Gaw Capital Partners are best positioned to discuss the financial performance of the hotel (which directly affect HotelsAB's damages claim).  AB Green Gansevoort can also testify as to whether all diligence documents were provided by the Balazs Parties to Reignwood and why the transaction with Reignwood and the Balazs Parties was ultimately unsuccessful.

### E. Mr. Balazs's prior employer and business partner

(14) **Amar Lalvani** and (15) **Standard 30(b)(6) witness**: Mr. Lalvani, on behalf of Standard, was involved in prolonged discussions with Mr. Balazs regarding whether Mr. Balazs's non-compete and fiduciary duty obligations precluded his purchase and management of the High Line.  This issue is fundamental to Reignwood's defense of the case, as well as supporting its counterclaim and third-party complaint.  While noticing a 30(b)(6) deposition of Standard is necessary to ensure the complete and accurate provision of information, as a practical matter, the 30(b)(6) deposition may be minimized depending on Mr. Lalvani's deposition testimony.

### F. Witnesses Identified In Written and Document Discovery

Documents produced in discovery have revealed numerous other material witnesses that the Balazs Parties failed to identify in their disclosures and interrogatory responses, such as John Sarn and Debra Aflalo, discussed above, and (16) **Alex von Furstenberg**.  Email communications show that Mr. von Furstenberg was a confidante and informal strategic advisor to Mr. Balazs with respect to the High Line transaction.  Additional discovery is warranted to determine the extent of his involvement with the High Line venture.

\* \* \*

Each of these witnesses has unique information that goes to the heart of Reignwood's claims or defenses.  Given the nature of this complex case, Reignwood's request to take additional fact depositions is neither unreasonably cumulative nor duplicative.[2]

---

[2] As outlined herein, Reignwood has identified 16 depositions that it believes are necessary at this juncture of the case.  Its request for leave to take up to 18 depositions is simply to avoid the need to come back to the Court if further discovery uncovers additional material witnesses.



### II. Reignwood Has Not Had a Sufficient Opportunity to Obtain the Information by Discovery in the Action

Reignwood has not had "ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(ii). To the contrary, document discovery has proven inadequate to establish a complete fact record in this case. "The lack of prior opportunity or alternate means to discover the information sought weighs in favor of granting leave to conduct more than ten depositions." *In re Weatherford*, 2013 WL 5762923, at *3.

For example, documents show that Mr. Balazs preferred to communicate via phone calls or in person meetings. *See, e.g.*, Exhibit D (HotelsAB/Balazs00006393) (partial summary of meeting between Mr. Balazs and Mr. Gorab); Exhibit E (HotelsAB/Balazs00004146) (Mr. von Furstenberg telling Mr. Balazs he can be reached on his "Home Tel if you need me").

Moreover, one of the most important witnesses in this case, Songhua Ni, is seriously ill, and will not be subject to examination in the U.K. until November 2019, if at all. *See* Exhibit F (February 14, 2019 email from Examiner regarding Ni and Geng Letters of Request). Mr. Ni was Reignwood's principal negotiator for the LOI, and currently resides in the U.K. Mr. Ni and Reignwood severed their relationship some time ago and are in active litigation against each other in the U.K. Critically, Mr. Ni and Mr. Balazs engaged in numerous meetings and phone calls regarding the LOI and Reignwood's performance, and very limited records of these contacts exist. *See* Exhibit G (excerpts of HotelsAB/Balazs00019822) (evidencing private calls and meetings between Ni and Balazs). Given that Mr. Ni is both practically and legally unavailable to Reignwood at this point, and in light of his crucial involvement in many of the key communications with parties and non-parties, it is critical that Reignwood depose the witnesses who had such communications with Mr. Ni, including Mr. Balazs, Mr. Bayman, and the Paul Weiss witnesses.

### III. The Benefits of the Requested Depositions Outweigh the Potential Burdens

In weighing the burden and expense of the requested depositions against their benefit, it is clear that the extra depositions are merited. Fed. R. Civ. P. 26(b)(2). The parties' claims and defenses are factually complex and involve multiple third parties, each of whom is likely to have unique discoverable information. Many of these witnesses were "put in play" by plaintiff's own initial disclosure and discovery responses, and the rest were only discovered following a review of documents produced in this case. Allowing additional depositions would further Judge Koeltl's directive for a "fully developed factual record" in this matter. *See* Exhibit H (June 25, 2018 Hearing Transcript) at 33:4-5.



Hon. Debra Freeman  
March 4, 2019  
Page Six

## IV.   Conclusion

Reignwood respectfully requests leave from the Court to take a total of up to eighteen depositions,[3] excluding expert depositions, and grant such further relief as the Court deems reasonable and just.

We appreciate the Court's consideration of Reignwood's letter request.

Respectfully submitted,

**DLA Piper LLP (US)**

*/s/ Christopher M. Strongosky*

Christopher M. Strongosky

cc:   Jonathan D. Lupkin (via ECF)  
      Laura Dexter (via ECF)  
      Michael Smith (via ECF)

---

[3] This does not include foreign examinations pursuant to The Hague Convention, because such examinations may not technically be "depositions." Reignwood is also seeking four foreign examinations.

165105346.7