

**DLA Piper LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Christopher M. Strongosky
christopher.strongosky@dlapiper.com
T   212.335.4643
F   212.884.8543

April 8, 2019

*Via ECF*

The Honorable Debra Freeman, U.S.M.J.
U.S. District Court, Southern District of New York
500 Pearl Street - Court Room 17A
New York, New York 10007-1312

      Re:    *HotelsAB Green, LLC v. Reignwood Europe Holdings SARL*
              *Case No. 1:17-cv-08776 – JGK – DCF*
              *Reignwood's Response Letter to HotelsAB's Request Compelling the*
              *Chairman's Deposition and To Stay All Other Depositions*

Dear Judge Freeman:

      We represent Defendant, Counterclaimant, and Third-Party Plaintiff Reignwood Europe Holdings SARL ("Reignwood") in the above-referenced action. We write in opposition to Plaintiff-Counterclaim Defendant HotelsAB Green, LLC and Third-Party Defendant Andre Balazs's (collectively, the "Balazs Parties") April 4, 2019 letter seeking a Local Civil Rule 37.2 pre-motion conference to compel the deposition of Chanchai Ruayrungruang ("the Chairman") and for a protective order as to all other depositions in this matter. *See* ECF No. 153.

      There is one undisclosed truth that the Court should know before it rules on the Balazs Parties' fourth letter motion related to the deposition of Reignwood's former Chairman and their accompanying demand to stay all other deposition discovery in the meantime—there has not been a single deposition conducted in this case. Reignwood's counsel has noticed or subpoenaed eight depositions but the Balazs Parties' counsel has yet to commit to a single deposition date. This latest motion is one of a series of pretextual objections impeding deposition practice in this case. Instead of taking depositions, the Balazs Parties have completely abdicated their discovery obligations.

      As usual, the Balazs Parties failed to abide by Your Honor's Rule I.C requirement that any letter application seeking resolution of a discovery dispute be accompanied by a statement that the moving party has conferred in good faith to resolve or at least narrow the dispute. The Balazs Parties apparently view this requirement as optional.

      Substantively, the letter request lacks all merit. The Balazs Parties seek an order that compels the Chairman to appear in Hong Kong for a deposition that will proceed pursuant to Rule 30 and "other [unidentified] rules and laws" of a deposition taken in the United States. They also



Hon. Debra Freeman<br>
April 8, 2019<br>
Page 2

seek an order pursuant to Rule 26(c) directing that no other depositions will take place until after the Chairman's deposition.  Both requests should be denied.

It is also time that the Court instruct the Balazs Parties that their delay and abusive motion practice will no longer be permitted without consequence.  Accordingly, Reignwood asks this Court to (i) order that the deposition of Robert Bookman will proceed in New York on April 16, 2019 (as agreed-upon by Reignwood's counsel, the witness, and his counsel), pursuant to Reignwood's duly issued subpoena upon Pesetsky & Bookman, P.C.; (ii) order that Andre Balazs's deposition proceed in New York as duly noticed for April 17, 2019, or for the Balazs Parties' counsel to provide an alternative date for Mr. Balazs's deposition that same week or the week of April 29; and (iii) order the Balazs Parties' counsel to confirm or offer alternative available dates for all other noticed or subpoenaed depositions, including those witnesses identified by Reignwood.

**I.      The Order Requested by the Balazs Parties is Improper and Unnecessary**

In their latest missive, the Balazs Parties seek an order requiring an "American style" deposition – whatever that means – on the pretense that Your Honor affirmatively ordered that the Balazs Parties may take the Chairman's deposition in whatever manner they want.  Letter Mot. at 5.  This misinterpretation of the Court's order (ECF No. 147) should be rejected.  Moreover, once again, the Balazs Parties fail to support their request with any actual legal authority.

First, Your Honor's March 26, 2019 Order on *Reignwood's* motion for a protective order is unambiguous.  Your Honor ordered that "Reignwood's request for a protective order, preventing the deposition from being held in New York, as now noticed by the Balazs Parties, is therefore granted."  *See* ECF No. 147.  Despite having *lost* this motion, the Balazs Parties argue that the Court ruled in *their favor*, construing the Court's reasoning for its holding:

> On March 26, 2019, the Court issued a minute order stating that it "is not persuaded that the deposition of Mr. Ruayrungruang cannot proceed in Hong Kong, in the manner sought by the Balazs Parties and as originally agreed and previously represented to this Court."  ECF No. 147.

Letter Mot. at 5.  Taking this phrase entirely out of context, the Balazs Parties now insist that the Court affirmatively ruled that they may take the deposition "in the manner" they sought (or now seek).  The Balazs Parties now thrust their unilaterally drawn stipulation in Reignwood's face, and insist that the Court ordered  that Reignwood agree with it.

This reading is disingenuous, to say the least.  None of what the Balazs Parties now present in their stipulation was raised, much less briefed, before the Court.  And as Reignwood's counsel reminded counsel to the Balazs Parties, if the Court had in fact ordered what they now seek, they would not need to have Reignwood sign a stipulation in the first place.



The Balazs Parties' proposed stipulation also is unnecessary.  Rule 28 states that a "deposition may be taken in a foreign country: (A) under an applicable treaty or convention; (B) under a letter of request; (C) on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination; or (D) before a person commissioned by the court to administer any necessary oath and take testimony." *See* Fed. R. Civ. P. 28(b)(1).  To Reignwood's knowledge, the deposition of the Chairman may proceed in Hong Kong in the same fashion that it would proceed as if it were being conducted here, with one material distinction: in Hong Kong, the court reporter is not permitted to administer the oath. *See* Reignwood's Reply Letter Brief in Further Support of Its Motion for A Protective Order, ECF No. 133, at 3 ("The proper and most common method for U.S. counsel is to stipulate to the oath under which the witness will be deposed on the record.  Reignwood is fully prepared to so-stipulate.  Another option is that the parties can retain a notary in Hong Kong to administer the oath.  Or, this Court can appoint a court reporter as a commissioner to administer the oath.").

Ignorant of the Hong Kong law, the Balazs Parties' stipulation proposed to make the deposition subject to the entirety of Rule 30.  Rule 30(b)(5)(A) states:

> (A) Before the Deposition.  Unless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28.  The officer must begin the deposition with an on-the-record statement that includes:
>
> (i) the officer's name and business address;
>
> (ii) the date, time, and place of the deposition;
>
> (iii) the deponent's name;
>
> (iv) the officer's administration of the oath or affirmation to the deponent; and
>
> (v) the identity of all persons present.

*See* Rule 30(b)(5)(A).

Reignwood, of course, had to reject the Balazs Parties' stipulation because it is inaccurate, vague, and compliance would be impossible.  The Balazs Parties' proposed stipulation that the deposition proceed "pursuant to the procedures, limitations, and requirements of Rule 30," without



Hon. Debra Freeman
April 8, 2019
Page 4

more, was impossible to comply with because Rule 30(b)(5)(A) requires a deposition to be taken by an officer appointed under Rule 28 who can administer an oath.[1]

But our federal rules already provide that the parties may stipulate to the method of deposition, which is the customary way to overcome this minor deviation in procedure. *See* Rule 30(b)(5)(A). Thus, Reignwood provided a counter-proposed stipulation that would allow for the witness to provide testimony without the court reporter administering the oath. ECF No. 153-9 at 4-6. Under Reignwood's proposed stipulation, the Balazs Parties would be able to proceed with the deposition of the Chairman. And again, to Reignwood's knowledge and as Reignwood's counsel anticipated, except for this minor deviation concerning the oath, the deposition can, will, and should proceed in the ordinary fashion.

If the Balazs Parties have any basis to argue that depositions in Hong Kong cannot proceed otherwise, they have once again failed to carry their burden of proof. As Reignwood cited in the last round of briefing on this issue, federal courts across the U.S. have repeatedly ordered or approved depositions to occur in Hong Kong. *See In re Chinese-Manufactured Drywall Prod. Liab. Litig.*, No. MDL 2047, 2018 WL 3972041, at *3 (E.D. La. Aug. 20, 2018) (multiple rounds of court-ordered depositions of Chinese nationals in Hong Kong); *Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, No. 15-cv-3533 (CM) (BCM), ECF No. No. 123 at 2-3 (S.D.N.Y. Aug. 16, 2016) (offering that deposition of Chinese national can be taken in location nearby to China, and suggesting Hong Kong); *Quintel Tech. Ltd. v. Huawei Techs., Inc.*, No. 15-cv-307, 2017 WL 3712349, at *2 (E.D. Tex. June 12, 2017) (approving of depositions of Chinese nationals

---

[1] The Balazs Parties also sought agreement that the deposition would be subject to unidentified "other rules and laws," which, not surprisingly, is not what this Court ordered or what any reasonable party would agree to.

Having researched the issue, Reignwood proposed the stipulation contemplated by Rule 30(b)(5)(A), which would allow the parties to satisfy the requirements of Rule 28(b)(1) by stipulation. Reignwood's proposed stipulation is attached to the Balazs Parties' letter at Exhibit I. *See* ECF 153-9. Reignwood's proposed stipulation makes clear that it is subject to "Rules 26, 28, 29, and 30" but that it "shall supplement and/or amend . . . Rule 30." *Id.* at 4-5. Reignwood's proposed stipulation states at point 4 that the "parties stipulate and agree that the stenographer for the deposition is authorized to swear in the witness by administering the oath or affirmation required by [Rule 30], regardless of whether the stenographer is a U.S. notary." *Id.* at 5. The proposed stipulation – which explicitly stated that it would be entered pursuant to Rule 30 – makes no other substantive departures from the procedures required in Rule 30. Nor is Reignwood aware of any other necessary departures from the federal rules that are required to take a deposition in Hong Kong. This stipulation was sent to the Balazs Parties on April 2. Instead of responding and discussing with Reignwood's counsel, they filed the instant motion without any effort to meet and confer in good faith.



in Hong Kong). The Balazs Parties' fourth bite-at-the-apple asks this Court to believe "Reignwood acknowledged in its reply [that] voluntary depositions of non-U.S. citizens can only be taken 'if prior permission is granted by Hong Kong's Competent Authority.'" This falsehood is preposterous. Reignwood never "acknowledged" such a thing, and it is absolutely false. Rather, the misleadingly quoted language comes from guidance given by the U.S. State Department that addresses whether a *consular officer* may take the voluntary deposition of a non-U.S. citizen in Hong Kong (they may not). *See* ECF No. 153-7 at 2. The last sentence of the guidance then states: "As an alternative, if prior permission is granted by Hong Kong's Competent Authority, voluntary depositions *may* be conducted by commissioners in Hong Kong regardless of the nationality of the witness, provided no compulsion is used." *Id.* (emphasis added in the original citation). To make this argument, the Balazs Parties misquoted the guidance by changing the word "may" to "can only." The guidance states that a commissioner *may* take the deposition of a non-U.S. citizen in Hong Kong with prior permission. It says nothing about that method being the exclusive method to take the deposition of a non-U.S. citizen in Hong Kong, contrary to the Balazs Parties' wordsmithing.

The Court should deny the Balazs Parties' letter request. If they want the deposition of the Chairman, they can agree to Reignwood's proposed stipulation or simply proceed with the deposition in the ordinary course. Their argument that the deposition is unlawful should once again be rejected by this Court.

II. **The Balazs Parties' Demand That All Other Depositions Be Stayed Should Be Rejected, And Instead This Court Should Order That Currently-Scheduled Depositions Go Forward and That The Balazs Parties' Counsel Must Cooperatively Schedule All Depositions**

With only two depositions scheduled—Robert Bookman on April 16 and Andre Balazs on April 17—the Balazs Parties' counsel now makes the astounding demand that those depositions and all others should be postponed until *they* depose the Chairman. This farcical demand is made with a straight face, notwithstanding that Reignwood offered the Chairman's deposition in Hong Kong over six months ago, and instead of taking it, the Balazs Parties have filed motion after motion jousting with imaginative windmills.

Indeed, to be perfectly clear, Reignwood offered multiple specific dates for the Chairman's deposition to be taken in Hong Kong in March. The Balazs Parties would already have their deposition if they had simply said "yes" to one of those dates instead of backtracking on months of representations to Reignwood's counsel and the Court about their willingness to take the deposition in Hong Kong. *See* Exhibit A.

Moreover, it is Reignwood who had been blocked from taking depositions, and has repeatedly attempted to negotiate production of its own witnesses. Reignwood has served deposition notices and subpoenas as follows:



| **Person/Entity** | **Date Served/Noticed** |
|---|---|
| Andrew Wurzburger (Paul Weiss) | February 8 |
| GAW Capital 30(b)(6) | February 15 |
| Amar Lalvani (Standard International) | February 15 |
| Eugene Gorab (Greenfield Partners) | February 15 |
| Standard International 30(b)(6) | February 15 |
| Paul Weiss 30(b)(6) | February 15 |
| Andre Balazs | February 26 (now April 17) |
| Robert Bookman | March 7 (now April 16) |

The Balazs Parties have refused to commit to any noticed dates whatsoever, and then have refused to give alternative dates, making scheduling efforts all but impossible. Two examples demonstrate the obstruction by counsel for the Balazs Parties.

On February 8, 2019, Reignwood served the Balazs Parties with a notice of deposition for Robert Bookman, the putative joint venture's liquor license counsel. The deposition was set for March 6, 2019. Although the Balazs Parties' counsel responded to a prior, duly served, document subpoena—including harvesting, reviewing, producing, and declaring privilege over the document production by Mr. Bookman's firm, Pesetsky & Bookman—the Balazs Parties' counsel then denied they were representing Mr. Bookman, and refused to accept service of a deposition subpoena. After Reignwood's counsel contacted Mr. Bookman personally and provisionally scheduled his deposition on April 16, Reignwood asked the Balazs Parties' counsel to confirm their availability. They refused, and even ignored altogether a follow-up e-mail request to confirm that date. Accordingly, Reignwood served the notice of deposition for Mr. Bookman for April 16 on the Balazs Parties. To this day (over a month later), the Balazs Parties have failed to confirm whether or not they are available on April 16 for Mr. Bookman's deposition.

The Balazs Parties' outright refusal to provide a date for the deposition of Andre Balazs is equally galling. Indisputably the key witness in the case, Reignwood noticed Mr. Balazs's deposition for March 13, 2019, in New York. At first, the Balazs Parties' counsel objected to that date, but refused to provide an alternative. The, the Balazs Parties' counsel suggested that such a deposition take place in London—not New York—and Reignwood's counsel agreed to consider



it, but immediately asked for suggested dates. The Balazs Parties' counsel again refused to give any dates. With no cooperation forthcoming, Reignwood re-noticed Mr. Balazs's deposition in New York for April 17. Like clockwork, the Balazs Parties' counsel objected to the date—but again, refused to offer any alternatives.

Instead, the Balazs Parties bring this motion, and for the first time advise Reignwood and the Court that Mr. Balazs is supposedly out of the country *until May.* This statement is shocking. The original discovery cut-off date was March 29—and the Balazs Parties omitted this highly important fact regarding Mr. Balazs' whereabouts until last week. What would Mr. Balazs have done if the fact discovery cut-off date of March 29 had not been extended? If Mr. Balazs no longer wishes to prosecute HotelsAB's breach of contract claim, Reignwood is ready and willing to stipulate to its dismissal with prejudice.

With respect to the scheduling of Reignwood's witnesses, the Balazs Parties' arguments are composed of entirely misleading half-truths. For starters, the only people obstructing the deposition of the Chairman are the Balazs Parties' counsel, conjuring up non-existent legal obstacles instead of rolling up their sleeves and taking the deposition. As this Court knows by now, Reignwood offered the deposition of the Chairman over six months ago. Moreover, the Chairman is not a key witness here. He was a senior representative of the larger Reignwood group, and the key facts regarding this deal lie with subordinate employees—hardly an uncommon circumstance. As Reignwood had previously suggested, in fact, it is not clear the Chairman will even be called to testify. Nevertheless, Reignwood communicated to the Balazs Parties that it will produce the Chairman for his deposition in Hong Kong on any date during the week of May 27—we invite opposing counsel to lock in a date certain.

The Balazs Parties also complain that they noticed Reignwood's Rule 30(b)(6) deposition on February 15, 2019, but that Reignwood has not proposed a single date for that deposition. Again, the Balazs Parties mislead the Court by omission. On March 4, 2019, Reignwood served responses and objections to the Rule 30(b)(6) deposition notice and topics. *See* Exhibit B. On March 6, 2019, counsel for Reignwood informed counsel for the Balazs Parties that they were available for a meet and confer to discuss Reignwood's objections to the Balazs Parties' 30(b)(6) deposition notice. *See* Exhibit C. On March 12, 2019, the parties had a lengthy meet and confer telephone call to discuss Reignwood's objections to the Balazs Parties' Rule 30(b)(6) deposition notice. The result of that meet and confer was that the Balazs Parties agreed to amend certain topics in their Rule 30(b)(6) notice. Counsel for Reignwood sent a confirming email to counsel for the Balazs Parties the same day of the meet and confer. *See* Exhibit D. In short, the ball was (and still is) in the Balazs Parties' counsel's court to move forward with a 30(b)(6) deposition of Reignwood. Once Reignwood receives the amended topics, and assuming that there are no remaining issues as to scope, etc., Reignwood will then be in a position to designate the appropriate individual(s) to address each topic – and to appropriately prepare its designees and schedule the deposition(s). The Balazs Parties have not – to this day (27 days later) – provided Reignwood



with an amended Rule 30(b)(6) deposition notice. To claim that it is Reignwood's fault for not confirming a deposition date is simply false.[2]

The Balazs Parties' request to stay and delay *all* depositions in this case until the Chairman's deposition goes forward is utterly without legal support, and is pointless. The end of fact discovery is less than two months away. If the Court were to grant the relief that the Balazs Parties seek, that deadline could not be met.

The Balazs Parties' letter request should be denied. Instead, Reignwood asks this Court to (i) order that the deposition of Robert Bookman will proceed in New York on April 16, 2019 (as agreed-upon by Reignwood's counsel, the witness, and his counsel), pursuant to Reignwood's duly issued subpoena upon Pesetsky & Bookman, P.C.; (ii) order that Andre Balazs's deposition proceed in New York as duly noticed for April 17, 2019, or for the Balazs Parties' counsel to provide a date that same week or the week of April 29; and (iii) order the Balazs Parties' counsel to offer available dates for all other noticed or subpoenaed depositions, including those witnesses identified by Reignwood.

Respectfully submitted,

**DLA Piper LLP (US)**

Christopher M. Strongosky

cc:   Jonathan D. Lupkin (via ECF)
      Laura Dexter (via ECF)
      Michael Smith (via ECF)

---

[2] Reignwood has suggested to the Balazs Parties that the Rule 30(b)(6) depositions may likely – depending on the agreed topics and the individual(s) responsible for those topics – be scheduled in London for the week of May 6, which is the same week that the U.K. Court has scheduled the examination of Ms. Geng. *See* ECF No. 153-11 at 1. So while no actual date has been proposed, it is disingenuous for the Balazs Parties to represent to the Court that Reignwood is purposefully delaying when Reignwood stated it was working to schedule the deposition(s) that week for the convenience of all parties (since counsel will be in the U.K. already for Ms. Geng's examination) and waiting for an amended 30(b)(6) notice from the Balazs Parties to confirm the actual witnesses that would be testifying. It goes without saying that the amended notice needs to be provided before an appropriate witness can be identified and that the witness needs to be identified before a date certain can be selected.