

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York  10020-1104
www.dlapiper.com

Christopher M. Strongosky
christopher.strongosky@dlapiper.com
T   212.335.4643
F   212.884.8543

May 1, 2019

*Via ECF*

The Honorable Debra Freeman, U.S.M.J.
U.S. District Court, Southern District of New York
500 Pearl Street - Court Room 17A
New York, New York 10007-1312

      Re:    *HotelsAB Green, LLC v. Reignwood Europe Holdings SARL*
              **(Case No. 1:17-cv-08776 - JGK)**
              ***Letter Motion to Compel Responses to Second Sets of Written Discovery***

Dear Judge Freeman:

      We represent Defendant, Counterclaimant and Third-Party Plaintiff Reignwood Europe Holdings SARL ("Reignwood") in the above-referenced action.  We write pursuant to Local Rule 37.2 and Your Honor's Individual Rule I.C to respectfully request a pre-motion discovery conference and order compelling Plaintiff-Counterclaim Defendant HotelsAB Green, LLC ("HotelsAB") and Third-Party Defendant Andre Balazs (collectively, the "Balazs Parties") to respond to certain outstanding written discovery requests, namely Interrogatories Nos. 1 and 2 and Requests for Production Nos. 3-5 from Defendant/Counterclaimant's Second Sets of Interrogatories and Requests for Production.

      Pursuant to Your Honor's Individual Rule I.C, the undersigned hereby certifies that counsel for the parties have conferred about these disputes personally on the telephone and we were unable to resolve the dispute.

      This straightforward motion to compel written discovery should be received by the Court with an accurate understanding of the status of the parties' discovery, to date.  As Reignwood pointed out in its recent letter in opposition to the Balazs Parties' *fourth* motion to compel the deposition of Reignwood's former Chairman, the Balazs Parties are doing everything it can to avoid discovery.  *See* ECF No. 154.  The Balazs Parties have refused to answer nearly all interrogatories in this case.  *See infra at n.* 1.  Since then, the Balazs Parties have refused to produce their main witness, Third Party Defendant Andre Balazs.  *See* ECF No. 153.  The deposition of Andre Balazs should have been the first deposition in this case.  They have refused to confirm scheduling of other witnesses in this case (including Reignwood's witnesses), choosing to file a motion to stay all depositions in this case, instead.  *See* ECF No. 155.

      By contrast, Reignwood has begun depositions of third party witnesses by coordinating directly with them or their counsel, and has served multiple deposition notices and subpoenas for



adverse party witnesses—even though the Balazs Parties' counsel will not produce them. In sum, Reignwood is actively trying to accomplish all the discovery it can. Reignwood has even gone so far as to offer dates and extend invitations to confer regarding producing its *own* witnesses (including the Chairman), in an attempt to complete the discovery the Balazs Parties presumably want to accomplish. The Balazs Parties have shown no serious interest in actually conducting discovery—other than to serve objections (as set forth below), and file repeated motions concerning the Chairman.

This Court should force the Balazs Parties to fully comply with their discovery obligations—or dismiss their claims and defenses with prejudice.

1. **HotelsAB Should Answer Interrogatories Nos. 1 and 2 Seeking Its Computation of Damages and Identification of Supporting Documents**

In Interrogatory No. 1, Reignwood asked: "Please provide the computation of each category of damage alleged, pursuant to Local Rule 33.3." In response, HotelsAB objected and refused to answer:

> RESPONSE TO INTERROGATORY NO. 1:
> HotelsAB already provided Reignwood with a computation of each category of damage alleged, in its disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), and will provide additional support for its damages through expert testimony at the appropriate time. HotelsAB objects to this interrogatory to the extent that it seeks to obtain work product and/or expert testimony prior to the date set for such disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(D). HotelsAB further objects to this interrogatory on the grounds that it would require HotelsAB to answer more than 25 written interrogatories, including discrete subparts in excess of the limits set by Fed. R. Civ. P. 33(a)(1). HotelsAB has responded to Reignwood's first 25 interrogatories. See Claudia Wilken and Robert M. Bloom, 7 Moore's Federal Practice—Civil § 33.30, at [1] & nn. 5, 6.1 (2013) (citing cases, better practice for party to answer first 25 interrogatories and object to the rest). To the extent the parties agree, or the Court orders, that HotelsAB should answer the remaining interrogatories, HotelsAB reserves the right to assert all other appropriate objections at that time.

Ex. A, Plaintiff/Counterclaim Defendant's Responses and Objections to Defendant/Counterclaimant's Second Set of Interrogatories at (unnumbered) 2.

In Interrogatory No. 2, Reignwood asked: "Please identify the existence, custodian location, and general description of documents supporting the computation of damages identified in Interrogatory Number 1, pursuant to Local Rule 33.3." In response, HotelsAB objected again and refused to answer:



>RESPONSE TO INTERROGATORY NO. 2:
>HotelsAB objects to this interrogatory on the grounds that it would require HotelsAB to answer more than 25 written interrogatories, including discrete subparts in excess of the limits set by Fed. R. Civ. P. 33(a)(1). HotelsAB has responded to Reignwood's first 25 interrogatories. See Claudia Wilken and Robert M. Bloom, 7 Moore's Federal Practice—Civil § 33.30, at [1] & nn. 5, 6.1 (2013) (citing cases, better practice for party to answer first 25 interrogatories and object to the rest). To the extent the parties agree, or the Court orders, that HotelsAB should answer the remaining interrogatories, HotelsAB reserves the right to assert all other appropriate objections at that time. HotelsAB further objects to this interrogatory to the extent that it seeks to obtain work product and/or expert testimony prior to the date set for such disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(D).

Ex. A at (unnumbered) 3.

Plaintiff HotelsAB should be compelled to answer both interrogatories. Interrogatories Nos. 1 and 2 are expressly permitted by the Southern District local rules. *See* S.D.N.Y. L.R. 33.3 ("(a) Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, *the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents . . . .*"). L.R. 33.3 (emphasis added). Thus, Reignwood's discovery is patently proper.

HotelsAB's objection have no merit. For instance, the fact that Plaintiff already provided a computation of damages pursuant to Rule 26 as part of its initial disclosures is no reason whatsoever to object (and refuse to answer) an interrogatory under Local Rule 33.3 seeking a computation of damages. Reignwood is entitled to a verified answer to its interrogatory and not just an unverified initial assessment of damages. And all federal cases require a Rule 26 initial disclosure. If complying with Rule 26 were sufficient in this District to disclose a party's computation of damages, there would be no need at all for our Local Rule 33.3 that expressly permits such an interrogatory. Local Rule 33.3 would be superfluous. This Court's local rules are surely not superfluous.

Second, Plaintiff's suggestion that they will serve such a computation "at the appropriate time" should be firmly rejected, again for two reasons. For one, we are less than 30 days away from the currently-scheduled close of discovery in this case on May 31. Now is the appropriate time. Two, this Court has repeatedly rejected similar arguments that a demand under L.R. 33.3. for a damages computation is somehow "premature":

>As in *Shamis*, IDW Interrogatory No. 17 falls "within the express purview of Local Rule 33.3(a)." *Id.* Accordingly, "based on the information available to it," *In re*



*Veeco*, 2007 WL 274800, at \*2, JPMorgan must provide IDW with a meaningful calculation of its alleged damages, including the "manner in which such amounts were calculated," "the documents that support or relate to each amount claimed," "and the identity of each person with knowledge of damages described" by JPMorgan in its First Amended Complaint. (IDW Ltr. 1 (quoting Interrog. No. 17)) Should JPMorgan subsequently receive additional documents from IDW that enable it to more precisely compute its damages, JPMorgan may supplement its response as it deems appropriate.

*JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08 CIV. 9116 (PGG), 2009 WL 1422743, at \*1–2 (S.D.N.Y. May 20, 2009) (quoting *Shamis v. Ambassador Factors Corp.*, 34 F. Supp. 2d 879, 894 (S.D.N.Y.1999); *see also In re Veeco Instruments, Inc. Sec. Litig.*, No. 05 MD 1695, 2007 WL 274800, at \*2 (S.D.N.Y. Jan. 29, 2007) (rejecting argument that damages computation was premature and directing plaintiff to respond to interrogatories regarding loss causation and damages "based on the information available to it"); *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 368 (S.D.N.Y. 2010) ("this Interrogatory seeks a computation of damages and is thus appropriate and timely under Local Civil Rule 33.3(a) and Rule 26 of the Federal Rules of Civil Procedure. Trilegiant must provide an answer.").

Indeed, in lost profit cases, refusal to provide discovery regarding the plaintiff's alleged lost profits—or selectively deciding if and when the plaintiff will provide this information—is sanctionable. *See Scantibodies Lab., Inc. v. Church & Dwight Co.*, No. 14CV2275 (JGK) (DF), 2016 WL 11271874, at \*30 (S.D.N.Y. Nov. 4, 2016) ("In sum, this Court finds that sanctions are warranted for Plaintiff's belated disclosure of SL Servicios as relevant to Plaintiff's lost-profits calculation and Plaintiff's untimely production of SL Servicios documents.") *report and recommendation adopted*, No. 14-CV-2275 (JGK), 2017 WL 605303 (S.D.N.Y. Feb. 15, 2017).

Finally, Plaintiff's argument that Reignwood has exceeded the number of allowable interrogatories is disingenuous and otherwise simply incorrect. Plaintiff previously waived this objection as part of the parties' past discovery disputes over Plaintiff's refusal to answer 19 out of Reignwood's first 20 interrogatories. *See* Ex. B (Oct. 9, 2018 letter from J. Lupkin to M. Klepper) ("We are hereby withdrawing our 'numerosity' objections to interrogatories 5-15, as numbered by Reignwood."); *see also* ECF No. 80 (Oct. 23, 2018 Joint Status Report) at 25 & Ex. G (attached hereto as Ex. B.) *See also Chevron Corp. v. Donziger*, 296 F.R.D. 168, 222 (S.D.N.Y. 2013) ("Where, as here, a party actively seeks legal impediments to justify its non-production, selectively determines when it will produce documents and when it will not, and continues to assert objections to discovery that have long been rejected, that party has willfully and culpably failed to produce evidence.").

In any case, the argument has always been trivial and without merit. Reignwood has only served 20 interrogatories previously, and two more in its Second Set (subject to this Letter Request). The Balazs Parties refused to answer 15 of them, based on their counsel's



interpretation of the phrase "including, without limitation" that appeared in various of Reignwood's first five interrogatories. Their counsel decided to treat each subsequent example as a "subpart" instead of what they were—examples to be included as part of the Balazs Parties' answers. *See* ECF No. 62, September 19, 2018 letter from C. Strongosky to Judge Koeltl. It is small wonder Plaintiff's counsel chose to withdraw that objection once it was briefed to Judge Koeltl.

As it stands today, Reignwood served 20 interrogatories in its first set, and two more in its second set, for a total of 22. The Balazs Parties to date have partially answered *only one*, objecting to the rest.[1] Plaintiff should be forced to answer Reignwood's Interrogatories Nos. 1 and 2 as contained in Reignwood's Second Set of Interrogatories, both of which are expressly allowed under Local Rule 33.3 and entirely proper.

2. **Plaintiff HotelsAB and Third-Party Defendant Andre Balazs Should Be Ordered To Produce Their Tax Returns to Ascertain Damages**

In its Request No. 4 of its Second Set of Requests for Production to the Balazs Parties, Reignwood requested: "All filed tax returns, including, without limitation, all schedules and exhibits thereto, of HotelsAB filed with any tax authority worldwide, including not but not limited to the State of New York and the U.S. Internal Revenue Service, from 2011 to the present."

In response, Plaintiff HotelsAB objected:

> RESPONSE TO REQUEST NO. 4:
> The Balazs Parties object to this request on the basis that the definition Reignwood has given to "HotelsAB" renders it vague, ambiguous, overly broad, and unduly burdensome. The Balazs Parties further object to this request on the grounds that it is not appropriately restricted by date and thus purports to seek information not relevant to any claim or defense in this action. The Balazs Parties further object to

---

[1] HotelsAB partially answered Interrogatory No. 3 from Reignwood's first set of 20. All other responses consisted only of objections. Reignwood previously moved this Court to order Plaintiff to answer only one of those 20 interrogatories (Interrogatory No. 3) (foregoing the remainder, as Reignwood did not want to bother the Court with motion practice on all 20, and Reignwood's counsel decided (and still intends) to seek the same information in depositions). *See* ECF No. 120. This Court granted Reignwood's motion in part, and ordered Plaintiff to answer Interrogatory No. 3. *See* ECF No. 145. Surprising to no one at this point, Plaintiff has even refused to answer that single interrogatory, and instead appealed this Court's order to Judge Koeltl. *See* ECF No. 162. Thus, with the instant objections, Plaintiff is attempting to get away with not fully answering a single interrogatory in this case.



this request on the grounds that Reignwood has not met, and cannot meet, the heightened standard for demanding production of tax returns. See, e.g., *Chen v. Republic Restaurant Corp.*, 2008 WL 793686 (S.D.N.Y. March 26, 2008). Absent agreement of the parties or order of the Court, the Balazs Parties will not be searching for or producing documents in response to this request.

Ex. C, Plaintiff/Counterclaim Defendant's Responses and Objections to Defendant/Counterclaimant's Second Set of Requests for Production of Documents at (unnumbered) 6-7.

Similarly, in Request No. 5, Reignwood requested the same information from Third-Party Defendant Andre Balazs: "All individual tax returns, including, without limitation, all schedules and exhibits thereto, of Balazs filed with any tax authority worldwide, including but not limited to the State of New York and the U.S. Internal Revenue Service, that reflects income derived from HotelsAB or Standard International and the Hotel, from 2011 to the present."

Similarly, Defendant Balazs objected and refused to provide them:

> RESPONSE TO REQUEST NO. 5:
> The Balazs Parties object to this request on the basis that the definition Reignwood has given to "Balazs" renders it vague, ambiguous, overly broad, and unduly burdensome. The Balazs Parties further object to this request on the grounds that it is not appropriately restricted by date and thus purports to seek information not relevant to any claim or defense in this action. The Balazs Parties further object to this request on the grounds that Reignwood has not met, and cannot meet, the heightened standard for demanding production of tax returns. See, e.g., *Chen v. Republic Restaurant Corp.*, 2008 WL 793686 (S.D.N.Y. March 26, 2008). Absent agreement of the parties or order of the Court, the Balazs Parties will not be searching for or producing documents in response to this request.

Ex. C at (unnumbered) 7-8.

The Balazs Parties' objections should be rejected. This is clearly a case where both HotelsAB and Mr. Balazs' tax returns are responsive, relevant and non-privileged.

As threshold matter, the Balazs Parties' objections on the basis they do not understand the definition of "HotelsAB" and "Andre Balazs"—in the context of asking for the tax returns of both—are no longer at issue. Since they offered these objections, the undersigned made very clear during the parties' meet and confer that Reignwood was seeking the tax returns of the named Plaintiff, and the named Third-Party Defendant, respectively. That objection should be overruled.



Both HotelsAB and Third-Party Defendant Andre Balazs' tax returns are directly relevant. Courts in this district grant motions to compel the production of tax returns, whether corporate or personal, where the requesting party is able to satisfy a two-prong test: (1) the tax returns must be relevant to the subject matter of the action, and (2) a compelling need must exist because the information is not readily obtainable from a less intrusive source. *See Hamm v. Potamkin,* No. 98 Civ. 7425 (RWS), 1999 WL 249721, at *2 (S.D.N.Y. Apr. 28, 1999) (applying two-part test to motion to compel corporate tax returns) (citing *Secs. & Exch. Comm'n v. Cymaticolor Corp.,* 106 F.R.D. 545, 548 (S.D.N.Y.1985) (setting forth two-part test in connection with a motion to compel personal tax returns)); *see also A.F.L. Falck, S.p.A. v. E.A Karay Co., Inc.,* 131 F.R.D. 46, 48 (S.D.N.Y.1990) (granting motion to compel production of corporate tax returns where plaintiff demonstrated relevance and a compelling need for the returns); *Tillman v. Lincoln Warehouse Corp.,* No. 83 Civ. 5381, 1987 WL 7933, at *1 (S.D.N.Y. Mar. 13, 1987) (upholding Magistrate's decision ordering the production of tax returns despite applying a lesser standard than clear relevance).

Tax returns are considered relevant to the subject matter of an action when a party's income may be used to calculate damages. *See, e.g., Carmody v. Vill. Of Rockville Ctr.,* No. CV-05-4907 (SJF)(ETB), 2007 WL 2042807, at *2–3 (E.D.N.Y. July 13, 2007) (plaintiff's tax returns were relevant to his claim of lost earnings and damages because they would provide the defendant with accurate information concerning plaintiff's income); *Hazeldine v. Beverage Media, Ltd.,* No. 94 Civ. 3466, 1997 WL 362229, at *4 (S.D.N.Y. June 27, 1997) (defendant's tax returns were relevant because defendant's wealth was "clearly relevant to plaintiff's claim for punitive damages"). Courts have found tax returns to be "clearly relevant" where the tax returns were reasonably expected to contain information concerning sources and amounts of income and related financial information. *150 Gates v. Wilkinson,* No. 03-CV-763 GLS/DRH, 2005 WL 758793, at *2 (N.D.N.Y. April 5, 2005).

Indeed, in lost profit cases, plaintiffs typically produce their tax records *affirmatively*, precisely to prove their lost profits. *See, e.g. Victoria Cruises, Inc. v. Changjiang Cruise Overseas Travel Co.*, 630 F. Supp. 2d 255, 262-63 (E.D.N.Y. 2008*)* ("Plaintiff primarily relies on its federal income tax returns as evidence of its lost profits."). The ensuing discovery fights revolve around producing the back-up to the tax records, and the detailed documents surrounding the plaintiffs' businesses. *See, e.g. Safespan Platform Sys., Inc. v. EZ Access, Inc.,* No. 06-CV-726A, 2011 WL 7473467, at *5 (W.D.N.Y. Dec. 30, 2011) (in lost profit case, "[a]lthough plaintiffs' produced listings of sales and tax records, they have apparently not produced supporting documents underlying the listings, such as invoices, purchase orders, shipping information, profit margin documents, and other sales documents sought by defendants. Defendants' alternative motion to compel production is granted.").

Thus, tax returns often are crucial to lost profit cases. In fact, this Court has rejected claims of future lost profits as unduly speculative under New York law, where a plaintiff's tax returns show that *it was never profitable* in the past. *24/7 Records, Inc. v. Sony Music*



Hon. Debra Freeman
May 1, 2019
Page Eight

*Entertainment, Inc.*, 566 F. Supp. 2d 305 (S.D.N.Y. 2008) ("On its 2001 and 2002 tax returns, the LLC reported losses of $337,519 and $811,558, respectively. . . . [Plaintiff] has not presented any non-speculative measure of lost profits based on reliable factors.")

      Here, HotelsAB—a hotel management company—is seeking lost profits for, among other things, lost management fees in operating the Standard Highline Hotel.  ECF No. 1-1, Compl., ¶ 73 (claiming "lost business opportunities") & Compl., Ex. B (LOI) at 8-10 (setting forth HotelsAB's alleged right to manage the Hotel for specified fees and share of revenue).  HotelsAB and Andre Balazs previously managed the very same hotel.  That is why Reignwood seeks HotelsAB's tax returns going back to 2011—so Reignwood can confirm how much profit Andre Balazs and HotelsAB realized previously, while managing the very same property.  Thus, HotelsAB's tax returns are highly relevant to the question of its claim for lost profit damages.

      Mr. Balazs' individual tax returns are equally relevant.  As HotelsAB is an LLC, and not a corporation, it is likely that its own revenue was reported by Mr. Balazs as "pass-through" revenue on his own tax returns.  Thus, Mr. Balazs' tax returns are the best place to determine if, and whether, and how much HotelsAB had realized in management fees and past profits.  *See Mellow Partners v. Comm'r of Internal Revenue Serv.*, 890 F.3d 1070, 1072 (D.C. Cir. 2018) ("In contrast, '[a] business entity with two or more members is classified for federal tax purposes as either a corporation or a partnership.'  Partnerships do not pay federal income taxes.  'A partnership's taxable income and losses instead pass through to the partners, who report their shares of partnership income or losses on their individual federal income tax returns. . . .'  Partnerships are nevertheless required to submit annual informational returns to IRS reporting income, gains, losses, and deductions.") (*citing* 26 U.S.C. §§ 701, 6031(a); Treas. Reg. § 301.6231(a)(3)–1(a)(1)(i); *citing also Petaluma FX Partners, LLC v. Comm'r*, 792 F.3d 72, 75 (D.C. Cir. 2015)).  Thus, Reignwood will be able ascertain Plaintiff's alleged damages for lost profits only by examining *both* HotelsAB's returns and Mr. Balazs' tax returns.

      Nor has this information been, or can be, provided from a "less intrusive source."  Tax returns—sworn under penalties of criminal perjury—are the most reliable source to determine HotelsAB and Mr. Balazs' past income and profits.  And here, the Balazs Parties' stubbornly refused to answer Reignwood's previously served interrogatories demanding information about their past revenue and profits from managing the hotel.  *See* Ex. D, Sept. 14, 2018 Plaintiff/Counterclaim Defendant's Objections and Responses to Defendant/Counter-Plaintiff's First Set of Interrogatories (Response to Interrogatory 19) at 45 (Interrogatory 19 requested: "Identify all amounts earned by You or AB in connection with the operation or sale of the Hotel at any time after January 1, 2011.").  This Court should have little patience for any argument that there are "less intrusive" means available to extract this information, when the Balazs Parties have both refused to answer interrogatories and refused to produce any HotelsAB witness for



Hon. Debra Freeman
May 1, 2019
Page Nine

deposition questioning.[2]  Tax returns are the best evidence, and given that HotelsAB is seeking lost profits, Reignwood is entitled their production under the law.

       We appreciate the Court's consideration of Reignwood's requests.

       Respectfully submitted,

       **DLA Piper LLP (US)**

       Christopher M. Strongosky

cc:    Jonathan D. Lupkin (via ECF)
       Laura Dexter (via ECF)
       Michael Smith (via ECF)

---

[2] The Balazs Parties' citation to *Chen v. Republic Rest. Corp.*, No. 07 Civ. 3307, 2008 WL 793686, at *2–3 (S.D.N.Y. Mar. 26, 2008) in their objection is misplaced.  In *Chen*—an employment suit, and not a lost profits suit—this Court refused to compel production of the plaintiff's tax returns for the purpose of confirming the number of hours worked by the plaintiff, because the information was readily available from other sources.  Here, there are no other sources to confirm HotelsAB and Mr. Balazs' income and profits in the past, and if there are, the Balazs Parties surely have not offered them as an alternative.

EAST\166296497.2