UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────
HOTELSAB GREEN, LLC,

                Plaintiff,

- against -

REIGNWOOD EUROPE HOLDINGS SARL,

                Defendant.
───────────────────────────────
REIGNWOOD EUROPE HOLDINGS SARL,

    Third Party Plaintiff and
        Counter Claimant,

- against -

HOTELSAB GREEN, LLC,

    Counterclaim Defendant,

- and -

ANDRE BALAZS,

    Third Party Defendant.
───────────────────────────────

17 Civ. 8776 (JGK)

MEMORANDUM OPINION
AND ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-15-19

**JOHN G. KOELTL, District Judge:**

    Plaintiff HotelsAB Green, LLC, and third-party defendant Andre Balazs (collectively, the "movants") have filed Objections to the minute order of Magistrate Judge Freeman dated March 26, 2019, Dkt. No. 145, which required the movants to respond to: Reignwood Europe Holdings SARL's Interrogatory Number 3 to HotelsAB, Reignwood's Document Requests Numbers 14 and 18 for HotelsAB, and Reignwood's Document Requests Numbers 17 and 19

1

for Mr. Balazs. The movants have also filed an objection to the Magistrate Judge's order, Dkt. No. 147, allowing Chanchai Ruayrungruang, the chairman of Reignwood (the "Chairman"), to appear for a deposition in Hong Kong.

Orders of the Magistrate Judge can be reversed only if they are clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). As a "non-dispositive matter," a pretrial discovery ruling is reviewed under this highly deferential standard. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." See Easley v. Cromartie, 532 U.S. 234, 242 (2001) (citation and quotation marks omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Thompson v. Keane, No. 95cv2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) (citation and quotation marks omitted).

It cannot be said that the Magistrate Judge's order requiring the movants to comply with the Interrogatory and Document Requests was clearly erroneous or contrary to law. It was a reasonable discovery order that required the movants to produce information that was relevant to HotelsAB's claim for substantial damages arising from its alleged inability to complete the transaction in this case. To the extent that the

2

movants argue that the information is too burdensome to produce and not proportional to the needs of the case, the movants have made no specific showing of the volume of that information and no showing to support its claim that the information is not proportional to the needs of the case. If there were problems with the scope of the requests, they should have been the subject of good faith negotiations to narrow the scope of the requests rather than a refusal to produce.

With respect to the order allowing the Chairman to be deposed in Hong Kong, it is undisputed that the Chairman regularly resides in Beijing and that his deposition could not proceed in Beijing. The movants argue that the deposition should therefore proceed in New York because New York is the most convenient venue, and that the Magistrate Judge should have ordered the deposition to occur in New York. Having conceded that the deposition could not occur in Beijing, where the Chairman resides, and having previously agreed that the deposition could occur under certain circumstances in Hong Kong, it strains credulity that the movants could argue that it was an abuse of discretion to order the Chairman's deposition to proceed in Hong Kong, a far more convenient forum for the Chairman than New York.

Reignwood should have submitted responses to the Objections and should do so in the future. Its positions are not helped by its silence on these Objections.

The Objections are overruled. The Clerk is directed to close Docket Numbers 162 and 165.

**SO ORDERED.**

Dated:   New York, New York
         May 15, 2019

_____
John G. Koeltl
United States District Judge